## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**-vs-**                                  **Case No.  6:06-cv-1461-Orl-19GJK**

**THEODORE T. NAVOLIO, SEIKO
KANEYAMA, GAIL P. KENDALL, IVAN D.
SAXE, DOROTHY E. SAXE, OPTION ONE
MORTGAGE CORPORATION,**

                **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1.      Motion for Summary Judgment by Plaintiff United States of America (Doc. No. 68, filed Feb. 29, 2008);

2.      Opposition to Plaintiff's Motion for Summary Judgment and Demand to Dismiss for Lack of Jurisdiction by Defendants Theodore T. Navolio and Seiko Kaneyama (Doc. No. 72, filed Mar. 26, 2008);

3.      Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment by Plaintiff (Doc. No. 82, filed May 28, 2008);

4.      Surreply in Opposition to Plaintiff's Motion for Summary Judgment by Defendants Navolio and Kaneyama (Doc. No. 86, filed June 5, 2008).

## Background

Plaintiff, the United States of America, brings this action to reduce the unpaid federal income tax liabilities of Defendant Theodore T. Navolio for 1992 and 1993 to judgment and foreclose

federal tax liens against three pieces of property in which Navolio possesses an interest.  (Doc. No. 1 at 1-2, ¶ 1, filed Sept. 22, 2006.)  The first is referred to as the "First Parcel" and is a piece of real property purchased by Navolio on July 13, 2001.  (Doc. No. 68-7.)  This property is described as:

> Lot 124, Ormond-By-The-Sea Plat 6, according to the plat thereof, recorded in Map Book 11, Page[s] 282 and 283 of the Public Records of Volusia County, Florida.

(*Id.*)

The second is referred to as the "Condominium Unit" and was purchased by Navolio on April 15, 2003.  (Doc. No. 68-15.)  The Condominium Unit is:

> Unit 335, Daytona Inn Beach Resort, a condominium, according to Declaration of Condominium recorded in Official Records Book 4360, page[] 4884, and amended in Official Records Book 4368, page 2695, and amended in Official Records Book 4367, page 3313 and amended in Official Records Book 4493, page 737, of the Public Records of Volusia County, Florida.

(*Id.*)

Finally, the third piece of property, the subject of Count Four of the Complaint, is called the "Mobile Home" and is described as:

> Lot 2, of Kanapaha Highlanhds, Unit No. 1, according to the plat thereof, as recording in plat Book B, Page(s) 13, of the Public Records of Alachua County, Florida.  The . . . property includes a 1987 SEVI Doublewide Mobile Home ID # FDGA6AX6714; Title No. 43830174 and Identification No. FDGA6AU6714; Title No. 43830183.

(Doc. No. 1 at 4, ¶ 13.)

The United States moves the Court for summary judgment.  (Doc. No. 68.)  Navolio, joined by his wife, Defendant Seiko Kaneyama, opposes this Motion *pro se* and further moves the Court to dismiss this case for lack of subject matter jurisdiction.  (Doc. No. 72.)[1]  The United States has

---

[1]     Defendants Ivan and Dorothy Saxe have disclaimed any interest in the property that
(continued...)

filed a Reply in support of its Motion for Summary Judgment, and Defendants have filed a Surreply in opposition to the United States' Motion.  (Doc. Nos. 82, 86.)

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004).  An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case.  *Hickson Corp.*, 357 F.3d at 1259.  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Id.* at 1260.  A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most

---

[1](...continued)
is the subject of this litigation.  (Doc. No. 66, filed Jan. 22, 2008.)  Defendant Option One Mortgage and the United States have reached an agreement to subordinate the tax lien to Option One's security interest in the First Parcel.  (Doc. No. 64, filed Jan. 18, 2008.)  Defendant Gail P. Kendall has failed to respond or file an appearance in this case, and the Clerk has issued a default against her.  (Doc. No. 58, filed June 19, 2007.)  Therefore, Navolio and Kaneyama are the only Defendants opposing the Motion for Summary Judgment by the United States.

favorable to the party opposing the motion and resolves all reasonable doubts against the moving

party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the

credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).

If a reasonable fact finder could draw more than one inference from the facts and that inference

creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand,

summary judgment must be granted "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which the party will bear

the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## Analysis

## I.      Creation of a Tax Liability and Reduction to Judgment: The General Process

Before a taxpayer is subject to any tax liability, the Internal Revenue Service ("IRS") must

first determine that a tax deficiency exists. As explained by the United States Supreme Court, "In

essence, a deficiency as defined in the [United States] Code is the amount of tax imposed less any

amount that may have been reported by the taxpayer on his return. Where there has been no tax

return filed, the deficiency is the amount of tax due." *Laing v. United States*, 423 U.S. 161, 173-74

(1976) (citing 26 U.S.C. § 6211(a); 26 C.F.R. § 301.6211-1(a)). Section 6212, Title 26 of the United

States Code states that "[i]f the [IRS] determines that there is a deficiency in respect of any tax

imposed by subtitles A or B or chapter 41, 42, 43, or 44, [the IRS] is authorized to send notice of

such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. § 6212(a) (2006).

Section 6213 further provides:

> Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed
> . . . the taxpayer may file a petition with the Tax Court for a redetermination of the
> deficiency. Except as otherwise provided in section 6851, 6852 or 6861, no
> assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter

> 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. . . .  The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

*Id.* § 6213(a).  As this provision indicates, the mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment.  *Id.*; *Tavano v. Comm'r of Internal Revenue*, 986 F.2d 1389, 1390 (11th Cir. 1993).  The notice must be sent by registered or certified mail to a taxpayer's last known address.  26 U.S.C. § 6212(b)(1).

An "assessment" is a procedure in which the Internal Revenue Service ("IRS") records the liability of the taxpayer in IRS files.  *Behren v. United States*, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996) (citing 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1).  A lien in favor of the United States arises at the time this assessment is made.  26 U.S.C. § 6322.  As Title 26, Section 6321 of the United States Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

*Id.* § 6321.  The lien attaches to property obtained by the delinquent taxpayer at any time during the life of the lien.  *See, e.g.*, *Glass City Bank of Jeanette, Pa. v. United States*, 326 U.S. 265, 267 (1945), *quoted in United States v. McDermott*, 507 U.S. 447, 448 (1993).

Title 26, Section 7403 of the United States Code permits the United States to foreclose its tax liens and sell property upon which its liens have attached.  26 U.S.C. § 7403(a).  This provision

requires that "[a]ll persons having liens upon or claiming any interest in the property involved in

such action shall be made parties thereto." *Id.* § 7403(b).  According to this statute:

> The court shall, after the parties have been duly notified of the action, proceed to
> adjudicate all matters involved therein and finally determine the merits of all claims
> to and liens upon the property, and, in all cases where a claim or interest of the
> United States therein is established, may decree a sale of such property, by the proper
> officer of the court, and a distribution of the proceeds of such sale according to the
> findings of the court in respect to the interests of the parties and of the United States.

*Id.* § 7403(c).

## II.     Motion to Dismiss for Lack of Subject Matter Jurisdiction by Navolio and Kaneyama

In their Response in Opposition to the Motion for Summary Judgment by the United States,

Navolio and Kaneyama demand that the Court dismiss the Complaint for lack of subject matter

jurisdiction.  (Doc. No. 72 at 10.)  Specifically, these Defendants claim, "The records reflect that a

notice of deficiency does not exist and none was sent or received by defendant Navolio.  This is both

a statutory and a jurisdictional requirement . . . which has not been met by the plaintiff."  (*Id.* at 5.)

Navolio and Kaneyama argue that Title 26, Section 6213(a) of the United States Code,

quoted above, limits the jurisdiction of this Court.  This is an incorrect reading of the statutory

language; the Tax Court is the only court whose jurisdiction is limited by the statute.  *See* 26 U.S.C.

§ 6213(a).  *Compare, e.g.*, *id.* § 6214(a) (". . . the Tax Court shall have jurisdiction to redetermine

the correct amount of the deficiency even if the amount so redetermined is greater than the amount

of the deficiency, *notice of which has been mailed to the taxpayer* . . ." (emphasis added)) *with id.*

§ 7402(a) ("The district courts of the United States at the instance of the United States shall have

such jurisdiction to make and issue in civil actions . . . such other orders and processes, and to render

such judgments and decrees as may be necessary or appropriate for the enforcement of the internal

revenue laws.").[2]  Therefore, Defendants' Motion to dismiss for lack of subject matter jurisdiction on this basis is denied.

The substance of Defendants' Motion, however, may be construed to raise an argument that summary judgment should not be granted because the United States has failed to demonstrate that the notice of deficiency was mailed prior to the assessment of Navolio's tax deficiency.  The Eleventh Circuit Court of Appeals has advised that "[p]ro se filings . . . are entitled to liberal construction."  *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).  Therefore, the Court will address this issue in its consideration of the Motion for Summary Judgment by the United States.

## III.    Motion for Summary Judgment by Plaintiff United States of America

### A.    Mailing of the Notice of Deficiency to Navolio's Last Known Address

In their Response in opposition to the United States' Motion for Summary Judgment, Navolio and Kaneyama contend that the United States never mailed a notice of tax deficiency to Navolio.  (Doc. No. 72 at 4-5, 8-10.)  Having been given leave to provide supplemental briefing to respond to this argument, the United States offered additional evidence in a Reply to support its claim that a notice of deficiency had been properly mailed.  (Doc. No. 82.)  Navolio and Kaneyama then received permission to file a Surreply which raised two issues: (1) whether the notice of deficiency was in fact mailed; and (2) whether the notice was mailed to Navolio's last known address.  (Doc. No. 86.)

---

[2]      The cases cited by Navolio and Kaneyama in their Response refer to the jurisdiction of the Tax Court, not to the jurisdiction of the district courts.  (*See* Doc. No. 72 at 3.)

As explained previously, the mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment. 26 U.S.C. § 6213(a). The notice must be sent by registered or certified mail to a taxpayer's last known address. *Id.* § 6212(b)(1); *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992); *Williams v. Comm'r of Internal Revenue*, 935 F.2d 1066, 1067 (9th Cir. 1991)); *United States v. Labato*, No. 6:97-cv-900-Orl-28JGG, 2002 WL 1770804, at *5 (M.D. Fla. June 18, 2002). If there is a genuine issue of material fact concerning whether the notice was mailed pursuant to 26 U.S.C. § 6212, a court should not hold as a matter of law that a taxpayer's tax assessments are valid. *See, e.g.*, *United States v. Charboneau*, No. 5:04-cv-442-Oc-10GRJ, 2005 WL 2346947, at *5 (M.D. Fla. Sept. 26, 2005).

### 1. Mailing of the Notice of Deficiency

### a. Evidence Submitted by the United States

The United States has offered evidence to support its assertion that it in fact mailed a notice of deficiency to Navolio. First, the United States has filed in the record a Certificate of Mailing which states, "Statutory notice of deficiency for the years indicated have been sent to the following taxpayer(s), date: 10/11/95." (Doc. No. 82-3.) This document indicates that notices were sent to "Theodore T. Navolio" at three different addresses[3] concerning his deficiencies for the tax years 1988 to 1993. (*Id.*) The Certificate bears the imprint of a rubber stamp from the United States Postal Service Office in Jacksonville, Florida dated October 11, 1995. (*Id.*)

Next, the United States has entered a Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340") for the tax years 1992 and 1993. (Doc. No. 82-5.) This Certificate

---

[3]      (1) 662 George Miller Circle, Port Orange, FL 32127; (2) 604 Mockingbird Lane, Alatamonte (sic) Springs, FL 32714; and (3) 850 Muary Road Box 97, Orlando, FL 32804. (Doc. No. 82-3.)

includes a transaction notation which states that "additional tax assessed by examination audit deficiency per default of 90 day letter." (*Id.* at 2, 7.)[4] Though not entirely clear from the record, the date of this entry appears to be September 8, 1996. (*Id.*)[5] The United States argues that one can infer from the default listed in this transaction record that a notice of deficiency was sent to Navolio. (*Id.* at 4-5.)

The United States also offers the Declaration of Internal Revenue Officer Cathleen Curry. (Doc. No. 82-2.) Ms. Curry explains that the United States is not able to provide copies of the actual notices at issue because these files have been misplaced or lost. (*Id.* at 2, ¶ 4.) She further states:

> Although the IRS administrative file cop[ies] of the statutory notices of deficiency for the taxable years in issue have been lost or misplaced, the individual masterfile transcript shows that the statutory notices for tax years 1992 and 1993 were mailed to Navolio at least 90 days before the assessment dates shown thereon (Ex. B. to the government's Reply Memorandum, at 2 & 7) and that, by failing to petition to the United States Tax Court, he defaulted upon them 90 days thereafter.

(*Id.* at 3, ¶ 6.)

The United States has not offered the testimony of any witnesses with actual knowledge of the notices of deficiency allegedly sent to Navolio or any evidence of the standard procedures for mailing such notices.

---

[4] Identical notations appear in the summaries of both the 1992 and 1993 tax assessments. This form does not otherwise indicate that a notice of deficiency was sent to Navolio.

[5] There is no date provided in the date column for this transaction, but at the end of the notation the following numbers appear: "19960908." (Doc. No. 82-5 at 2, 7.)

### b.        Evidence Submitted by Navolio and Kaneyama

In their Response in Opposition to the Motion for Summary Judgment, Navolio and Kaneyama assert:

> The IRS has not alleged that a Notice of Deficiency was at any time created, mailed[,] or received by Navolio.[] The Statutory Notice of Deficiency is not shown in Navolio's Master File (IMF), the Certificates of Assessments and payments, the (ICS) Integrated Collection Systems, or any FOIA received by Navolio or any discovery given to Navolio by Plaintiff.

(Doc. No. 72 at 5.)  Thus, these Defendants submit that the absence of any entry in Navolio's tax records indicating that a notice of deficiency was sent constitutes evidence that a notice was not sent.[6]

Navolio and Kaneyama also offer a Tax Court case involving very similar facts, *Butti v. Commissioner of Internal Revenue*, 95 T.C.M. (CCH) 1321, 2008 WL 898822 (T.C. 2008).  In *Butti*, the Tax Court found that the United States had failed to prove that a notice of deficiency had been properly issued to the taxpayer where:

> [T]he Commissioner (1) lost the administrative file, (2) had no copies of a notice of deficiency, (3) did not establish that a final notice of deficiency ever existed, (4) relied on a Postal Service Form 3877, and (5) did not introduce evidence showing how the Commissioner's personnel prepare and mail notices of deficiency.

*Id.* at 4; *see also Pietanza v. Comm'r of Internal Revenue*, 92 T.C. 729, 1989 WL 28334 (T.C. 1989) (same holding on almost identical facts), *aff'd*, 935 F.2d 1282 (3d Cir.1991).  Though not binding on this Court, the *Butti* case provides persuasive authority supporting Defendants' position.

---

[6]        *Cf.* Fed. R. Evid. 803(7) (absence of a record of a matter that would normally be included in records of regularly conducted activity is admissible as an exception to the rule against hearsay to prove the nonoccurrence or nonexistence of the matter).

Based on the evidence in the record, the Court finds that there exists a genuine issue of material fact as to whether the notice of deficiency was actually mailed to Navolio, precluding summary judgment in favor of the United States.

### 2.   Last Known Address

Defendants also argue that the IRS failed to send a notice of deficiency to Navolio's last known address.  (Doc. No. 86 at 1.)  To support this argument, Navolio and Kaneyama provide evidence that Navolio was incarcerated in federal prison in Las Vegas, Nevada from June 12, 1995 to February 26, 1996.  (Doc. No. 86-2 at 4, 7.)  This fact is relevant because the notice was allegedly sent on October 11, 1995, while Navolio was incarcerated, to three addresses in Florida.  (Doc. No. 82-3.)

A taxpayer's "last known address" is "the address to which the IRS, in light of all the reasonable facts and circumstances, reasonably believed the taxpayer wished the notice to be sent." *United States v. Bell*, 183 B.R. 650, 652 (S.D. Fla. 1995).  In determining the taxpayer's "last known address," the IRS must exercise "reasonable diligence."  *Id.*  The focus is on "the information available to the IRS at the time it issued the notice of deficiency."  *Id.*  Generally, the IRS is deemed to have used reasonable diligence if "it mailed the deficiency notice to the address contained on the taxpayer's most recently filed tax return."  *Ward v. Comm'r of Internal Revenue*, 907 F.2d 517, 521 (5th Cir. 1990).  The taxpayer has the burden of providing  "clear and concise" notice to the IRS of an address change.  *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 693 n.1 (11th Cir. 1985).

The burden of the IRS to determine the last known address and the burden of the taxpayer to notify the IRS of a change in address are separate and independent of each other.  *E.g.*, *Sicari v. Comm'r of Internal Revenue*, 136 F.3d 925, 928 (2d Cir. 1998).  As the Second Circuit Court of

Appeals has explained, "This is not to say . . . that the IRS has no obligation to attempt to ascertain the taxpayer's new address; where it is shown that the IRS has failed to exercise reasonable care in determining an address, a notice sent to the wrong address will not satisfy the statutory requirement, and the 90-day period will not begin to run." *Id.*  Similarly, a trial court in the Southern District of Florida has stated:

> The IRS must also exercise reasonable diligence in determining [the last known] address, separate and distinct from the taxpayer's burden to provide clear and concise notification. What constitutes reasonable diligence will vary according to the information available to the IRS, including any notice from the taxpayer. However, the test focuses not on the information that the taxpayer provides but the information which the IRS possesses. More importantly, the test is fact specific and must be addressed on a case by case basis.

*Bell*, 183 B.R. at 653.   The court continued, "While the taxpayer should bear the burden of notification of the new address, the IRS cannot simply ignore that which it obviously knows."  *Id.* In the case of an incarcerated taxpayer, if the IRS has specific information concerning the taxpayer's whereabouts, this information may constitute sufficient notice of the incarcerated taxpayer's prison address.  *E.g.*, *Broomfield v. Comm'r of Internal Revenue*, 89 T.C.M. (CCH) 1466, 2005 WL 1444131, at **4-5 (T.C. 2005) (citing cases).

The United States has not offered any evidence concerning how it selected the three addresses to which it allegedly mailed the notices of deficiency.  Navolio, on the other hand, has offered ample evidence of his communications with IRS agents while he lived and was incarcerated in Nevada during 1995 and 1996.  (*See* Doc. No. 86-2.)  During that time, Navolio even testified for the IRS on two occasions.  (*Id.* at 8-11.)  Thus, Navolio's evidence suggests that the IRS had actual knowledge of Navolio's address in Nevada but nevertheless mailed the notice of deficiency to addresses in Florida.  This raises a genuine issue of material fact as to whether the IRS exercised

reasonable diligence in determining Navolio's last known address.  Thus, the Court must deny the Motion for Summary Judgment by the United States.

The Court will now consider what, if any, other factual issues remain in dispute for trial.

**B.      Reduction of the Assessed Unpaid Tax Liabilities of Navolio to Judgment (Count I)**

As previously explained, an "assessment" is a procedure in which the Internal Revenue Service ("IRS") records the liability of the taxpayer in IRS files.  *Behren*, 82 F.3d at 1018 n.1.  An assessment of tax liability by the IRS is presumed to be correct, and the taxpayer bears the burden of disproving the accuracy of the assessment by a preponderance of the evidence.  *E.g.*, *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Bone v. Comm'r of Internal Revenue*, 324 F.3d 1289, 1293 (11th Cir. 2003); *United States v. Dixon*, 672 F. Supp. 503, 507 (M.D. Ala. 1987).[7]

In support of its Motion for Summary Judgment, the United States has filed Certificates of Official Records for the federal income tax assessments and payments of Navolio for the 1992 and 1993 tax years.  (Doc. Nos. 68-3, 68-4.)[8]  The IRS filed a Substitute for Return for the 1992 tax year on Navolio's behalf on March 7, 1994.  (Doc. No. 68-3 at 3.)  Navolio's 1992 federal income tax

---

[7]       For audits beginning after July 2, 1998, the burden of proof was shifted to the IRS in certain circumstances under 26 U.S.C. § 7491.  *Bone*, 324 F.3d at 1293 n.5.  This provision is inapplicable here because, among other reasons, assessments of the tax years at issue precede this date.

[8]       Though in its Complaint the United States sought to reduce to judgment the unpaid, assessed federal income tax liabilities of Navolio for the years 1989 through 1993, in its Motion for Summary Judgment, the United States offers evidence and argument only as to the years 1992 and 1993.  (*Compare* Doc. No. 1 at 5 *with* Doc. No. 68 at 4.)  In its Reply to the Defendants' Response, the United States clarifies: "The United States seeks to foreclose tax liens pertaining to taxable years 1992 and 1993.  Navolio's tax liabilities for the prior tax years at issue in this case (i.e., 1989, 1990, and 1991) have been satisfied through administrative collection and the parties' partial settlement in this action."  (Doc. No. 82 at 2 n.1.)

liabilities were assessed on March 11, 1996, and the total amount due for the that year, as of March

3, 2008, is $10,362.30.  (*Id.* at 2-3.)  Similarly, the IRS filed a Substitute for Return for the 1993 tax

year on August 28, 1995.  (Doc. No. 68-4 at 3.)  Navolio's 1993 federal income tax liabilities were

assessed on March 11, 1996, and the total amount due for that year, as of March 3, 2008, is

$144,019.14.  (*Id.* at 2-3.)  According to the records of the IRS, the total due for both years as of

March 3, 2008 is $154,381.44.  (Doc. No. 68 at 4.)

As evidenced by the Pretrial Statement, Navolio and Kaneyama have abandoned their

challenges to the amount of the assessed tax liability and instead are pursuing challenges to the IRS'

compliance with the notice requirements of 28 U.S.C. § 6213(a), discussed in Sections II and III.A,

*supra*.  (Doc. No. 79 at 5, 8, 13, filed May 15, 2008; Doc. No. 82 at 2-3.)  In the undisputed facts

portion of the Pretrial Statement, the parties appear to agree to the amounts assessed against

Navolio.  (Doc. No. 79 at 8.)[9]  Therefore, subject to the Court's determination of the validity of the

assessments, the amount of assessment is not a disputed issue for trial.[10]

### C. Foreclosure of the Federal Tax Liens on the First Parcel, the Condominium Unit, and the Mobile Home (Counts II, III, and IV)

A federal tax lien is perfected when notice of the lien is filed in accordance with the relevant

state law or with the clerk of the United States district court where the property subject to the lien

is situated.  *Capuano v. United States*, 955 F.2d 1427, 1432 (11th Cir. 1992) (citing 26 U.S.C. §

6323 (a), (f)(1)).  A perfected tax lien is superior to any other security interest which is not choate

---

[9]  The agreement over the amount assessed was confirmed by United States Magistrate Judge Kelly in the pretrial conference.  (Doc. No. 83, filed June 2, 2008.)

[10]  Even if Navolio and Kaneyama did continue to dispute the amount of assessment, these Defendants have failed to produce credible evidence sufficient to overcome the presumption of correctness that attaches to assessments of tax liability by the IRS. *See, e.g.*, *Bone*, 324 F.3d at 1293.

at the time that notice of the tax lien is filed. *Id.* (citing 26 U.S.C. § 6323(a)). The lien attaches to property obtained by a delinquent taxpayer at any time during the life of the lien. *Glass City Bank of Jeanette, Pa.*, 326 U.S. at 267. Subsequent sales of property to which a perfected tax lien has attached have no effect on the lien. 26 U.S.C. § 7425(b). In other words, the general rule "first in time, first in right" applies. *Capuano*, 955 F.2d at 1433; *United States v. Bromberg*, No. 9:06-cv-80246, 2007 WL 1201454, at *4 (S.D. Fla. Apr. 23, 2007) (citing *United States v. Vermont*, 377 U.S. 351, 354 (1964)). The United States may foreclose its tax liens and sell property upon which its liens have attached. 26 U.S.C. § 7403(a).

The United States filed a Notice of Federal Tax Lien against Navolio on September 26, 1996 and refiled the Notice on March 7, 2006 with the Clerk of the Circuit Court of Volusia County, Florida for tax years including 1992 and 1993. (Doc. Nos. 68-5, 68-6.) This lien attached to all properties subsequently purchased by Navolio in Volusia County, Florida, including the First Parcel, the Condominium Unit, and the Mobile Home. *See* 26 U.S.C. § 6321. Navolio's purported transfers of these properties were made subject to the lien and did not encumber the lien. *See id.* § 7425(b).

According to filings of both parties, "the parties have settled as to the private sale of [the Mobile Home], and it is therefore no longer in need of adjudication." (Doc. No. 68 at 2 n.1; *accord* Doc. No. 72 at 2-3; Doc. No. 79 at 3 n.1.) Therefore, the Court dismisses with prejudice Count IV of the Complaint regarding foreclosure on the Mobile Home. The Court will only consider the propriety of ordering foreclosure on the First Parcel and the Condominium Unit.

In the Pretrial Statement, the parties stipulate that "the United States may foreclose on the Condominium Unit and that the other parties hereto disclaim any interest therein." (Doc. No. 79 at 10.) Though there is no such stipulation regarding the First Parcel, Navolio and Kaneyama offer no

evidence or argument as to why the Court should not order foreclosure on the First Parcel.  (*See* Doc. No. 72.)   Accordingly, there appears to be no objection from these Defendants to the foreclosures sought by the United States should the Court find that a valid tax assessment has been made.  Therefore, subject to the Court's determination of the validity of the assessments against Navolio, the propriety of foreclosure is not a disputed issue for trial.

### Conclusion

Based on the foregoing, the Court **DENIES** the Motion for Summary Judgment by Plaintiff United States of America (Doc. No. 68, filed Feb. 29, 2008) on Counts I, II, and III of the Complaint and **DISMISSES WITH PREJUDICE** Count IV of the Complaint.  The Court **DENIES** the Motion to Dismiss for Lack of Jurisdiction by Defendants Theodore T. Navolio and Seiko Kaneyama (Doc. No. 72, filed Mar. 26, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June  11 , 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party