**UNITED STATES OF AMERICA,**

     Plaintiff,

-vs-                Case No. 6:06-cv-1461-Orl-19GJK

**THEODORE T. NAVOLIO, SEIKO KANEYAMA, GAIL P. KENDALL, IVAN D. SAXE, DOROTHY E. SAXE, OPTION ONE MORTGAGE CORPORATION,**

     **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Motion for Stay of Order of Foreclosure by Defendant Theodore T. Navolio (Doc. No. 122, filed Dec. 3, 2008); and

2. Opposition to Defendant Navolio's Motion for Stay by Plaintiff United States of America (Doc. No. 123, filed Dec. 18, 2008).

## Background

Plaintiff United States of America brought this action to reduce to judgment the unpaid federal income tax liabilities of Defendant Theodore T. Navolio for 1992 and 1993 and to foreclose federal tax liens against real property in which Navolio possessed an interest. (Doc. No. 1 at 1-2, ¶ 1, filed Sept. 22, 2006.) The United States named as Defendants several other individuals possessing interests in these properties: Navolio's wife Seiko Kaneyama, Gail P. Kendall, Ivan D. Saxe, Dorothy E. Saxe, and Option One Mortgage Corporation. (Doc. No. 104 at 1, filed Aug. 5,

2008 (citing Doc. No. 1 at 2-3, ¶¶ 5-10).) However, Navolio and Kaneyama are the only Defendants who actively opposed the United States' claims. (*Id.*)

The Court held a bench trial on July 9, 2008 and found that the assessments made by the Internal Revenue Service ("IRS") against Defendant Theodore T. Navolio dated March 11, 1996 for tax years 1992 and 1993 were valid. (Doc. No. 104 at 14, ¶ 2.) Specifically, the Court determined that the IRS had properly mailed the required statutory notice of deficiency to Navolio's last known address. (*Id.* at 13.) Therefore, Navolio was liable to the United States for the amount claimed. (*Id.* at 15, ¶ 3.)

Pursuant to the direction of the Court, the United States filed a Proposed Final Judgment, Decree of Foreclosure, and Order of Sale in the record. (Doc. No. 105, filed Aug. 15, 2008.) Navolio objected to these proposed orders. (Doc. No. 108, filed Aug. 25, 2008.) In overruling these objections, the Court found that Navolio was attempting both to litigate issues not preserved for trial and to relitigate issues determined at trial. (Doc. No. 110, filed Sept. 24, 2008.) Accordingly, the Court approved the proposed orders of the United States, and Final Judgment was entered against Navolio on September 24, 2008 in the total amount of $153,569.54 plus statutory additions accruing thereon from August 15, 2008. (Doc. No. 111.) The Court also entered a Decree of Foreclosure and Order of Sale of what had been described in the Complaint as the "First Parcel" and the "Condominium Unit." (Doc. No. 112, filed Sept. 24, 2008.)

Several days after the entry of Final Judgment, Navolio and Kaneyama jointly filed two Motions to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. Nos. 113, 114.) The Court denied these Motions, finding that Navolio was setting forth meritless claims to quarrel with the Court's determinations at trial. (Doc. No. 117, filed Oct. 30, 2008.)

In the instant Motion, Navolio again seeks to avoid the Court's Final Judgment by requesting a stay of the Decree of Foreclosure and Order of Sale of the First Parcel under Federal Rule of Civil Procedure 62(f). (Doc. No. 122, filed Dec. 3, 2008.) The United States opposes the Motion. (Doc. No. 123, filed Dec. 18, 2008.)

**Analysis**

Federal Rule of Civil Procedure 62(f) provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Under Florida law, such a stay may be granted as follows: "The court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties." Fla. R. Civ. P. 1.550(b).

In the present matter, Navolio argues that a stay is warranted because: (1) the United States failed to produce a witness at trial demonstrating that the statutory notice of tax deficiency was properly mailed to him; (2) potential buyers of the First Parcel should be given "full disclosure of the pending appeal, and the possibility that the foreclosure could be reversed"; (3) the property debts far exceed the market value of the First Parcel and a sale will not produce sufficient funds; (4) the First Parcel is a homestead protected under Florida law; and (5) Navolio is likely to prevail on appeal, and he will be irreparably damaged if the foreclosure proceeds prior to the appeal. (Doc. No. 122 at 2-3.) In response, the United States contends that: (1) the Court has already determined that the notice of deficiency was properly mailed to Navolio; (2) a delay in foreclosure will harm the United States because of the "accruing fees and costs associated with Option One's Mortgage" and the "accruing unpaid real property taxes"; (3) it is well-established law that state homestead

exemptions do not protect property from federal tax liens; and (4) Navolio has not demonstrated a substantial likelihood that he will prevail on appeal.

In his Motion, Navolio repeats his previous arguments as to why the Court should not have found him liable. Navolio already made these arguments at trial, in his Objection to the proposed final orders, and in his two Motions to alter or amend the judgment. (Doc. Nos. 108, 113-14.) The Court refers Navolio back to its previous Orders which explain in detail why these contentions lack merit. (Doc. Nos. 110, 117.) Having fully considered the matter, the Court finds the arguments of the United States well-taken and concludes that Navolio has failed to demonstrate good cause for the Court to stay the Decree of Foreclosure and Order of Sale of the First Parcel.

## Conclusion

Based on the foregoing, the Motion for Stay of Order of Foreclosure by Defendant Theodore T. Navolio (Doc. No. 122, filed Dec. 3, 2008) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party